UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Forest Martin, Jr., | ) C/A No. 9:09-792-RBH-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Kevin Scott Brackett, Esquire; | ) Report and Recommendation |
| Ross Allen Burton, Esquire; | ) |
| Michael C. Watkins, Court Reporter; | ) |
| To be sued in their Individually and Official Capacities, | ) |
| | ) |
| Defendants. | ) |

The Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at theTyger River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks monetary damages, as well as various sanctions against the Defendants.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary

dismissal. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff files this § 1983 claim against a state solicitor (Kevin Scott Brackett), a state court reporter (Michael C. Watkins), and his former public defender (Ross Allen Burton) for slander, vindictive prosecution, and alteration of a transcript.

Defendant Brackett prosecuted Plaintiff for an arson charge in 1993. Plaintiff indicates that his prosecution for the arson offense ended in a mistrial, after Defendant Brackett allegedly made improper statements to the jury. In May of 2007, Defendant Brackett again acted as the prosecuting attorney regarding Plaintiff's indictments for Failure to Stop for a Blue Light and Possession of Marijuana. Plaintiff claims Defendant Brackett, in an attempt to get revenge for the earlier mistrial, knowingly made false statements during a hearing held on May 3, 2007, in which Plaintiff entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). Plaintiff claims Defendant Brackett was admonished by the presiding judge for some of these statements, however, the transcript of that hearing does not reference any such comments by the judge. Thus, Plaintiff claims Defendant Watkins altered the transcript of the hearing. Plaintiff claims Defendant Burton, a public defender who represented Plaintiff at the hearing on May 3, 2007, failed to object to Defendant Brackett's allegedly false/improper statements.

## Discussion

This complaint has been filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere



2

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Defendant Burton is identified in the complaint as Plaintiff's former public defender. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). As Plaintiff named Burton as a Defendant based on his legal representation, or lack thereof, in Plaintiff's criminal case, this Defendant is not amenable to suit under § 1983 and is entitled to summary dismissal from the instant action.

With respect to the Defendant Brackett, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Hence, any possible claims the Plaintiff may be attempting to raise regarding Defendant Brackett's prosecution of his state criminal case are barred from suit under § 1983. Defendant Brackett should therefore be dismissed from this action.

3

Finally, Plaintiff sues Defendant Watkins for allegedly altering the transcript of Plaintiff's criminal hearing. As a state court reporter, Defendant Watkins is a "state actor" amenable to suit under § 1983. *See Antoine v. Byers & Anderson*, 508 U.S. 429, 437 (1993)(rejecting absolute immunity for court reporters); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006)(court reporters do not have absolute immunity from damage claims). However, "innocent errors, even if negligent" do not subject court reporters to liability under § 1983; *see Loubser v. Thacker*, 440 F.3d at 442, citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986)(section 1983 claims cannot be founded on negligence); although some courts have recognized a § 1983 claim based on the deliberate actions of court reporters. *See McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995)(claim that court reporter failed to provide inmate with transcript of criminal trial was not frivolous); *Gagan v. Norton*, 35 F.3d 1473, 1476-77 (10th Cir. 1994)(claim that court reporters refused to prepare transcripts).

Here, Plaintiff alleges that the Defendant Watkins failed to provide him with an accurate recording of Plaintiff's May 3, 2007, criminal hearing. Specifically, Plaintiff claims that the Defendant Watkins removed statements from the transcript that were allegedly made by a state court judge. However, a plaintiff "does not have a constitutional right to a totally accurate transcript of his criminal trial." *Tedford v. Hepting*, 990 F.2d 745, 747 (3rd Cir. 1993). *See also Hampton v. Segura*, No. 07-60603, 2008 WL 1902458 at *2 (5th Cir. April 30, 2008); *Brown v. New Mexico District Court Clerks*, No. 97-2044, 1998 WL 123064 (10th Cir. March 19, 1998). In addition, a plaintiff's constitutional rights are violated "only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." *Tedford v. Hepting*, 990 F.2d at 747. *See also Robinson v. Smyth*, No. 07-3737, 2007 WL 4404020 at **1 (3rd Cir. Dec. 18, 2007)("errors in the transcript



4

could implicate his constitutional rights only if the errors called into question the validity of his appellate review"); *Colyer v. Ryles*, 827 F.2d 315, 316 (8th Cir. 1987)(civil complaint for damages frivolous where plaintiff was not prejudiced by allegedly altered transcript). Plaintiff does not allege that the transcript's inaccuracies prejudiced him in either his criminal hearing or any subsequent appeal. To the contrary, Plaintiff provides information to indicate that his criminal case has been remanded to the Court of General Sessions for re-sentencing pursuant to a November 4, 2008, Order issued in a post-conviction relief (PCR) action. Thus, Plaintiff has apparently been successful in challenging his criminal sentence.

As Plaintiff's claims regarding the allegedly altered transcript are insufficient to state a violation of Plaintiff's constitutional rights under § 1983; *Tedford*, 990 F.2d at 747; *Loyler*, 827 F.2d at 316; the case is subject to summary dismissal.

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

April 30, 2009  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

