IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William Forest Martin, Jr., | ) | C/A No.: 9:09-792-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kevin Scott Brackett, Esquire; | ) | |
| Ross Allen Burton, Esquire; | ) | |
| Michael C. Watkins, Court Reporter; | ) | |
| To be sued in their Individual and | ) | |
| Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se,* seeks relief pursuant to 42 U.S.C. § 1983. Petitioner's Complaint filed on March 30, 2009, made allegations against state Solicitor Kevin Brackett, Public Defender Ross Burton, and Court Reporter Michael Watkins for slander, vindictive prosecution and alleged alteration of a transcript relating to a May 2007 plea hearing ("hearing").

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation ("R&R") [Docket entry #13] of United States Magistrate Bristow Marchant filed April 30, 2009. The Magistrate Judge concluded that the case should be dismissed *without prejudice* and without issuance of service of process. The R&R recommended dismissal of the Public Defender on the basis that he is not amenable to suit under 42 U.S.C. § 1983. The R&R also recommended that the Solicitor should be dismissed, on the basis of absolute immunity for activities in or connected with judicial proceedings. Finally, the R&R recommended dismissal of the court reporter on the basis that the Plaintiff does not have a constitutional right to a totally accurate transcript of his criminal trial and that the Plaintiff's claims

1

regarding the allegedly altered transcript are insufficient to state a violation of his constitutional rights under § 1983.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983).

On May 26, 2009 [Docket entry #19] the Plaintiff filed objections to the R&R.[1] After a review of the record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct legal principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

**Public Defender Ross Burton**

In his objections to the R&R, Plaintiff asserts that Defendant Burton provided ineffective assistance of counsel. In order to state a cause of action under § 1983, Plaintiff must allege that Defendant Burton (1) deprived him of a federal right and (2) did so under color of state law. *Gomez*

---

[1] The R&R was mailed to Plaintiff on April 30, 2009, but was returned as undeliverable on May 5, 2009. The R&R was re-mailed to Plaintiff on May 5, 2009, and the deadline for objections to the R&R was reset to May 22, 2009. Plaintiff certified that he placed his objections in the Tyger River Correctional Institution mail on May 22, 2009 [Docket entry #19]. The envelope does not indicate a date on which it was received by the prison mailroom. Additional Objections were not received by the prison mailroom until May 26, 2009. The Additional Objections, received by the court on May 29, 2009, [Docket entry #22] were untimely and have not been considered by the court.

2

*v. Toledo*, 446 U.S. 635, 640 (1980). Attorneys for criminal defendants generally do not act under color of state law when performing traditional functions as counsel. *See Hall v. Quillen* 631 F.2d 1154, 1155-56 (4th Cir. 1980)(holding that a court-appointed defense attorney did not act under color of state law). Plaintiff, however, does not challenge the R&R's finding that Defendant Burton was not acting under color of state law during the hearing. Plaintiff merely recounts allegations of ineffective counsel. Accordingly, Plaintiff has not stated a valid § 1983 claim against Defendant Burton.

Plaintiff also argues for the first time that Defendant Burton conspired with the Solicitor to gain a conviction. To establish a civil conspiracy under § 1983, Plaintiff must present evidence that the Defendant Burton and Defendant Brackett acted "jointly in concert and that some overt act was done in furtherance of the conspiracy" which resulted in Plaintiff's deprivation of a constitutional right (in this case, a wrongful conviction). *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996); *see also, Ruttenberg v. Jones*, 283 Fed. Appx. 121, 2008 WL 2436157 at * 8 (4th Cir. 2008) (affirming dismissal of § 1983 conspiracy claim where complaint made a "bare, conclusory allegation that the defendants conspired to violate the plaintiff's constitutional rights and that the conspiracy culminated in the fabricated testimony")(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544). In Plaintiff's objections to the R&R, he makes a bare, conclusory allegation that Defendant Burton conspired with Defendant Brackett to gain a conviction at any cost and to obstruct justice. Accordingly, Plaintiff has not stated a valid § 1983 claim against Defendant Burton.

**State Solicitor Kevin Brackett**

In his objections to the R&R, [Docket entry #19] Plaintiff argues that Defendant Brackett is not entitled to immunity because he was not acting within the scope of his discretionary authority . In support of this assertion, he points to page twenty-three of the hearing transcript [Docket entry #1, Exhibit A-D] where Defendant Brackett stated, "When I found out he [Plaintiff] had been charged in

3

Union I made a point of putting my initials on the files because I wanted to make sure that I secured as maximum sentence for Mr. Martin as I possible could. I think it's my duty to make sure that people like Mr. Martin are kept out of the public as long as possible." Plaintiff also argues that Defendant Brackett unlawfully bifurcated the two drug charges at issue during the hearing, suppressed evidence that Plaintiff was a confidential informant, and willingly made false statements about a 1993 arson case.

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). In the present case, the Plaintiff does not allege that Defendant Brackett was not performing a function normally performed by prosecutors before or during the hearing. The record does not indicate that the comments made or actions taken by Defendant Brackett violated any clearly established statutory or constitutional rights of the Plaintiff. Accordingly, Plaintiff has not stated a valid § 1983 claim against Defendant Brackett.

**Court Reporter Michael Watkins**

In his objections to the R&R, [Docket entry #19] Plaintiff also argues that Defendant Watkins is liable under § 1983 because he altered the hearing transcript upon the orders of Defendant Brackett. In support of his assertion, Plaintiff provides affidavits, which are attached to his complaint, [Docket entry #1, Exhibit E-G] made by the Plaintiff, Shirley Carroll, and Charles Childers alleging that certain statements that they heard during the hearing were not a part of the transcript.[2]

A Plaintiff does not have a constitutional right to a totally accurate transcript of his criminal trial. *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993). In addition, a plaintiff's constitutional

---

[2] The affidavits allege that the following exchange occurred between Judge Clifton Newman and Defendant Brackett, "Judge Newman: Are you trying him again for that? Defendant Brackett: No Sir. Judge Newman: Go on then, go on with it."

4

rights are violated "only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." *Id*. at 747. *See also Coyler v. Ryles*, 827 F.2d 315, 316 (8th Cir. 1987)(civil complaint for damages was frivolous where plaintiff was not prejudiced by allegedly altered transcript). In the present case, the Plaintiff does not allege that the transcript inaccuracies prejudiced him in either his criminal hearing or any subsequent appeal. To the contrary, the record reflects that Plaintiff's criminal case has been remanded to the South Carolina Court of General Sessions for re-sentencing pursuant to a November 4, 2008 Order [Docket entry #1, Exhibit H-L] issued in a post-conviction relief action. Accordingly, Plaintiff has not stated a valid § 1983 claim against Defendant Watkins.

**Amended Complaint**

On May 5, 2009, [Docket entry # 17] five days after Magistrate Judge Marchant issued the R&R, Plaintiff filed an Amended Complaint in which he named two additional defendants – Probation Officer, Katherine Moore, and Union County Deputy, James Johnson, Jr. (Plaintiff did not file a motion to amend prior to filing the amended complaint.) Fed. R. Civ. P. 15 generally allows amendments as a matter of course before service of a responsive pleading. However, where the amendment seeks to add a new party, the requirements of Fed. R. Civ. P. 20 must also be met. *Hinson v. Norwest Financial South Carolina, Inc*., 239 F.3d 611, 618 (4th Cir. 2001). Rule 20 provides that persons may be joined "in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." A claim arises from the same transaction or occurrence as another claim where the two claims are "reasonably related." *Saval v. BL Ltd*., 710 F.2d 1027, 1031 (4th Cir. 1983). Here, the claims alleged in the plaintiff's initial Complaint relate to his 2007 drug conviction. The claims against the two proposed additional parties relate to a conviction for a probation violation in 2008. The

5

two claims therefore do not arise from the same transaction or occurrence and the plaintiff may not amend his Complaint to add the additional parties and claims in this lawsuit. If the plaintiff wishes to proceed against the probation officer and the deputy, then he should file a new lawsuit against those parties.

**Preliminary Injunction and Motion to Advance**

On June 2, 2009, Plaintiff filed a motion requesting an preliminary injunction, [Docket entry # 24] concerning his release from a state prison on bond. Since the motion was filed, the Plaintiff was released from the custody of the South Carolina Department of Corrections. Accordingly, the motion is denied as moot.

On August 17, 2009, Plaintiff filed a Motion to Advance this Cause [Docket entry # 30]. This motion is also denied as moot.

**Conclusion**

For the aforementioned reasons, the court adopts the R&R in full and Defendant's objections to the R&R are overruled. Plaintiff's action for civil rights relief pursuant to 42 U.S.C. § 1983 against Defendants Burton, Brackett, and Watkins is hereby dismissed without prejudice. Plaintiff's Amended Complaint against Defendants Moore and Johnson is also dismissed without prejudice.

**IT IS SO ORDERED**.

                s/R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

November 13, 2009
Florence, South Carolina